**ADVANCED MARKETING GROUP, INC., Plaintiff–Appellant,**

v.

**BUSINESS PAYMENT SYSTEMS, LLC, Defendant–Appellee.**

No. 07–1868–cv.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

William Robert Bennett, New York, NY, for Appellant.

Daniel B. Faizakoff, New York, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Appellant Advanced Marketing Group ("AMG") appeals from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*) granting Defendant–Appellee Business Payment Systems's ("BPS") motion to dismiss AMG's breach of contract and tortious interference with a contract claims pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts,

procedural history, and scope of issues on appeal.

We first consider the district court's dismissal of AMG's breach of contract claim. To state a claim for breach of contract under New York law, a plaintiff must allege (1) the existence of an agreement; (2) adequate performance of the contract by plaintiff; (3) breach of the agreement by the defendant; and (4) damages. *See Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.1996). The question we consider is whether it was proper at the motion to dismiss stage to determine as a matter of law that AMG has not "adequately performed" under the contract at issue and thus was not entitled to the relief it sought. We find dismissal at this stage of the litigation was not warranted.

"[J]udgment as a matter of law is appropriate if the contract language is unambiguous." *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 160 (2d Cir.2003). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 178 (2d Cir.2004) (internal quotation marks omitted). A contract is unambiguous when it has a "definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *Photopaint Techs.*, 335 F.3d at 160 (internal quotation marks and alterations omitted).

The May 2002 addendum to the June 2001 contract between AMG and BPS required that AMG meet specific monthly production requirements, in addition to other rights and obligations. BPS argues that because AMG did not fully meet its production requirements under the contract, AMG did not adequately perform under the contract. The district court

agreed, ruling that "[i]n failing to meet the production targets as specified in the Addendum, AMG, by way of its own statistics, did not comply with the agreement and therefore did not sufficiently plead the element of adequate performance required to state a claim for breach of contract." *Advanced Mktg. Group, Inc. v. Bus. Payment Sys. LLC*, 481 F.Supp.2d 319, 323 (S.D.N.Y.2007).

█ We conclude that AMG's breach of contract claim cannot be dismissed so easily. The June 2001 contract, the terms of which also apply to the May 2002 addendum, provides that AMG will receive residuals on accounts it brought to BPS "on a lifetime basis to AMG, as long as the merchant continues to process through BPS." As a matter of law, and drawing inferences in favor of AMG, we do not agree that the contract unambiguously provides that if AMG did not meet its production requirements in full each month, AMG would lose residuals on all of the accounts it had previously provided to BPS. Additional evidence regarding the contract negotiations and course of dealings between the parties is required to resolve this ambiguity. Resolution of this ambiguity may also call for inquiry into the "customs, practices, usages and terminology" of the parties' business. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 184 (2d Cir.2003).

BPS alleges other breaches by AMG that would justify a motion to dismiss, including that AMG breached the contract's confidentiality provisions and failed to pay BPS 50 percent of its profits from high-risk accounts. We decline to consider these issues at the motion to dismiss stage, as the district court correctly pointed out that these issues "are less clear-cut and would require a further developed record for the Court to determine whether AMG satisfied the terms of the Agreement with

respect to these claims." *Advanced Mktg. Group,* 481 F.Supp.2d at 324 n. 4.

■ We do, however, agree with the district court's dismissal of AMG's claim that BPS tortiously interfered with AMG's contract with Maximum Research ("MR"). The elements of tortious interference with a contract are: "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." *Kirch v. Liberty Media Corp.,* 449 F.3d 388, 401 (2d Cir.2006) (internal quotation marks omitted). AMG's complaint failed to state the necessary elements for this cause of action. As the district court observed, while the complaint stated the existence of a valid contract between AMG and MR, it "provides no detail ... as to BPS's knowledge of the AMG and MR contract, nor does it allege that MR itself actually breached the contract. Instead, it alleges only a breach by BPS." *Advanced Mktg. Group,* 481 F.Supp.2d at 324–25. The complaint is also silent on any willful or intentional conduct on the part of BPS to persuade MR to breach its contract with AMG.

For the foregoing reasons, the dismissal of AMG's breach of contract claim is REVERSED and REMANDED for proceedings consistent with this order, and the dismissal of AMG's tortious interference with a contract claim is AFFIRMED.